Filed 6/7/13  P. v. Washington CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUSTIN MARCEL WASHINGTON,<br><br>    Defendant and Appellant. | B242566<br><br>(Los Angeles County<br>Super. Ct. No. YA081613) |

THE COURT:[*]

Defendant Justin Marcel Washington appeals from the judgment entered following his plea of "no contest" to one count of attempted murder in violation of Penal Code[1] sections 664 and 187, subdivision (a).  Defendant admitted a gang allegation under section 186.22, subdivision (b)(1)(C) and an allegation under section 1170, subdivision (h)(3), which required him to serve his sentence in state prison due to serious and violent felony convictions.  Pursuant to the plea bargain accepted by defendant, the trial court sentenced him to the high term of nine years for the attempted murder and a consecutive term of 10 years for the gang enhancement, for a total sentence of 19 years.  The trial

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    All further references to statutes are to the Penal Code unless stated otherwise.

court granted defendant 306 actual custody days and 46 days of conduct credit (15 percent) for a total of 352 days. (§§ 667.5, subd. (c), 2933.1.)

We appointed counsel to represent appellant on this appeal. After examination of the record, counsel filed an opening brief containing an acknowledgment that they had been unable to find any arguable issues. On January 2, 2013, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On February 4, 2013, we granted defendant an extension of time until February 15, 2013, to file his supplemental brief. No response has been received to date.

The facts presented at the preliminary hearing reveal that defendant and his codefendant, Deanthony Davis, confronted Khary Malone at a Gardena park where Malone had gone to play basketball with his cousin and two friends. Defendant shoulder-bumped Malone and asked him, "Where are you from?" Malone replied, "We don't bang." Defendant said, "So way [*sic*] Shotgun Crip." Davis then came from behind defendant and shot Malone in the face in the area of the left jaw. The bullet entered Malone's chin and exited below his earlobe. Malone identified defendant and Davis at the preliminary hearing.[2]

Detective Toshio Hirai testified as a gang expert and was of the opinion that Davis and defendant were members of the Shotgun Crips gang. His opinion was based on prior contacts and discussions with several other gang experts. He testified regarding felony convictions of two other Shotgun Crips gang members. Detective Hirai believed that the instant offense was committed for the benefit of, in association with, or at the direction of the Shotgun Crips.

On October 12, 2011, defendant was charged in a first amended information with attempted murder. The information also alleged that: (1) a principal used and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b), (c), (d), (e)); (2) the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)( C)); (3)

---

[2]    The People's trial brief asserted that the shooting was captured on City of Gardena surveillance cameras.

the offense was a serious felony (§ 1192.7, subd. (c)(28)); (4) defendant personally inflicted great bodily injury (§§ 1203.075, 12022.7, subd. (a)); (5) the offense was a serious and violent felony requiring prison incarceration (§ 1170, subd. (h)(3)); and (6) defendant suffered a 2009 conviction of a serious or violent felony (§§ 667, subd. (a)(1), 667, subds. (b) – (i), 1170.12, subds. (a) – (d). On April 30, 2012, a second amended information added the allegations that the attempted murder was committed willfully, deliberately, and with premeditation within the meaning of section 664, subdivision (a). The trial court informed defendant that his maximum penalty was life plus 25 years to life.

On May 1, 2012, defendant agreed to a plea bargain. The trial court granted the People's motion to dismiss defendant's strike prior in order to reach a disposition in the interest of justice. After being advised of his constitutional rights and the consequences of his plea, defendant pleaded "no contest" and received the agreed-upon sentence of 19 years.

On June 18, 2012, defendant filed a notice of appeal asserting that the appeal was based on the sentence or other matters occurring after the plea and that the appeal challenged the validity of the plea. Defendant's request for a certificate of probable cause stated that he was willing to take a plea of 10 years, but not 19 years. He asserted he was not guilty of attempted murder, and his attorney lied to him about his plea and then scared him into taking 19 years. He would feel justice was served if he received a sentence modification, but otherwise, he would like to go to trial. The trial court denied defendant's request for a certificate of probable cause.

Section 1237.5 provides, in pertinent part, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal . . . ." California Rules of Court, rule 8.304(b) sets forth both the section 1237.5

3

rule and its exceptions. If the trial court denies a certificate of probable cause, the appeal is inoperative unless the appeal is based on the denial of a motion to suppress evidence or on grounds that arose after entry of the plea and do not affect the plea's validity.

Moreover, those issues that relate to defendant's sentencing in accordance with the plea bargain to which he agreed may not be raised on appeal. In *People v. Panizzon* (1996) 13 Cal.4th 68, 89, the Supreme Court held that where a defendant is sentenced in accordance with the terms of a plea bargain that provides for a particular sentence, and then attempts to challenge that sentence on appeal, he must secure a certificate of probable cause. The Court explained that since the defendant is "in fact challenging the very sentence to which he agreed as part of the plea," the challenge "attacks an integral part of the plea [and] is, in substance, a challenge to the validity of the plea, which requires compliance with the probable cause certificate requirements of section 1237.5 and [former] rule 31(d)." (*Id.* at p. 73; accord *People v. Cuevas* (2008) 44 Cal.4th 374, 382-384.) In *People v. Mendez* (1999) 19 Cal.4th 1084, the California Supreme Court interpreted former California Rules of Court, rule 31(d), which corresponds to current rule 8.304(b)(1)(3), and held that section 1237.5 and its implementing rules of court "should be applied in a strict manner." (*People v. Mendez*, *supra*, at p. 1098.)

The record clearly shows that the parties expressly agreed to imposition of a 19-year sentence. Defendant was facing a possible sentence of life plus 25 years if the jury convicted him of the attempted murder and found the allegations true. Since defendant received the sentence for which he bargained, any challenge to his sentence constitutes a challenge to the validity of his plea. (*People v. Cuevas*, *supra*, 44 Cal.4th at p. 384.) In the absence of a certificate of probable cause, we must dismiss defendant's appeal.

We have examined the entire record and are satisfied that defendant's attorneys have fully complied with their responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

4